# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 08-20052-STA |
| NARINO STEWART, | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR SECOND MENTAL EVALUATION

Before the Court is Defendant Narrino Stewart's Motion for a Second Mental Evaluation to determine whether he is competent to stand trial and assist in his defense, as made in open court at Defendant's competency hearing held October 8, 2008. For the following reasons, the Court finds the Defendant competent to stand trial, and thus, Defendant's Motion for a Second Mental Evaluation is **DENIED**.

## BACKGROUND

On March, 16, 2008, Defendant Stewart filed a motion for a competency evaluation and hearing. (D.E. # 16) The Court granted Defendant's motion on October 12, 2006, and ordered Defendant undergo a competency evaluation, as provided in 18 U.S.C. § 4241(b). (D.E. # 17) The Defendant was sent to the Federal Detention Center in Miami, Florida, where a competency evaluation was conducted by Lisa B. Feldman, Psy. D. During this time Dr. Feldman and the facilities' staff conducted six (6) different psychological tests and procedures to assess Defendant's functioning level. Upon completion, Dr. Feldman concluded that while being tested

1

Defendant did not put forth his maximum efforts in order to exaggerate/fabricate a mental impairment and "recommended that Mr. Stewart be found competent to stand trial."[1]

Prior to Dr. Feldman's competency evaluation, an evaluation was ordered by Judge Wen Rooks and conducted by John Hutson, Ph.D. Upon completion of this evaluation, Dr. Hutson concluded that Defendant "understood the nature of the legal process, as well as, the charges and the potential consequences of the charges, and seemed capable of assisting counsel and participating in his defense."[2]

A hearing on this matter was conducted on October 8, 2008, during which time Defendant proceeded to speak aloud without permission from the Court. Most notably, when the Court admonished Defendant's behavior, and ordered he either remain silent or be removed from the courtroom, Defendant stopped speaking out of turn, thus making it appear as though Defendant understood the proceedings in which he was participating.

## **ANALYSIS**

If reasonable cause exists to believe that a defendant is mentally incompetent to stand trial, a district court shall order a hearing to determine whether the defendant is competent.[3] Competency is determined according to 18 U.S.C. § 4241, which states:

---

[1] Dr. Feldman testified in open court at Defendant's competency hearing, during which time the government submitted her eleven (11) page forensic evaluation as evidence of Defendant's competency. (D.E. # 28)

[2] Dr. Hutson wrote a letter to Judge Wen Rooks concerning Defendant's competency dated January 22, 2008. In making her conclusions Dr. Feldman reviewed the letter and quoted his conclusions in her report. Dr. Feldman also presented open court testimony during Defendant's competency hearing concerning Dr. Hutson's letter. The government submitted this letter as evidence of Defendant's competency. (D.E. # 28)

[3] 18 U.S.C. § 4241(a).

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment....[4]

A defendant is incompetent to stand trial when he does not have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him."[5] Relevant to a defendant's competence is evidence of "defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial...."[6] And just "one of these factors standing alone may in some circumstances be sufficient" for a determination of competency.[7]

In the present case, the weight of the evidence demonstrates that the Defendant understands the nature and consequences of the proceedings against him and that he is able to assist properly in his defense. Both Dr. Hutson and Feldman found the Defendant does not suffer from a mental illness that would affect his competency to stand trial. Additionally, Defendant's courtroom demeanor demonstrated that to a large extent Defendant understood the proceedings and was capable of conducting himself in a manner consistent with competent individuals.

---

[4] *Id.* at § 4241(D).

[5] *Dusky v. United States*, 362 U.S. 402, 402 (1960) (internal quotation marks omitted); *see also Filiagi v. Bagley*, 445 F.3d 851, 858 (6th Cir. 2006) ( To be adjudged competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." (*quoting Dusky*, 362 U.S. at 402)).

[6] *Drope v. Missouri*, 420 U.S. 162, 180 (1975).

[7] *Id.*

3

Therefore, based on the Dr. Feldman's Forensic Evaluation, Dr. Hutson's January 22, 2008 recommendation of competency, and Defendant's behavior during his competency hearing, the Court finds that the Defendant understands the nature and consequences of the proceedings against him and that he is able to assist properly in his defense, rendering Defendant's Motion for a Second Evaluation moot. Accordingly, the Court finds that the Defendant is competent to stand trial, and **DENIES** the Motion for Second Evaluation.

    **IT IS SO ORDERED.**

                                                             s/ S. Thomas Anderson
                                                             S. THOMAS ANDERSON
                                                             UNITED STATES DISTRICT JUDGE

                                                             Date: October 21st , 2008.